TRINA A. HIGGINS, United States Attorney (7349)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

KRISTEN CLARKE, Assistant Attorney General, Civil Rights Division
REBECCA B. BOND, Chief, Disability Rights Section
AMANDA MAISELS, Deputy Chief, Disability Rights Section
ALYSE BASS, Attorney, Disability Rights Section
JANE E. ANDERSEN, Attorney, Disability Rights Section
U.S. Department of Justice
150 M Street NE
Washington, D.C. 20530
(202) 307-0663
alyse.bass@usdoj.gov
jane.andersen2@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF UTAH, THE UTAH DEPARTMENT OF CORRECTIONS, AND THE UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 2:24-cv-00241 |

## INTRODUCTION

1. The United States brings this suit against the State of Utah, the Utah Department

of Corrections (UDOC), and the Utah Department of Health and Human Services[1] (collectively "Defendant") to enforce Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-34, and its implementing regulation, 28 C.F.R. pt. 35.  Defendant, through UDOC, has unlawfully discriminated against the Complainant on the basis of her disability, gender dysphoria, by denying her equal access to healthcare services and failing to reasonably modify policies, practices, or procedures where necessary to avoid discrimination against the Complainant, in violation of Title II of the ADA.  Defendant has also imposed unnecessary eligibility criteria for evaluation and treatment for gender dysphoria for incarcerated persons at UDOC that it does not require for other health conditions.

2. All conditions precedent to the filing of this Complaint have occurred or been performed.  *See* 28 C.F.R. pt. 35, subpt. F.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under Title II of the ADA, 42 U.S.C. § 12133, and 28 U.S.C. §§ 1331, 1345.

4. The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 12133.

5. The United States has authority to seek a remedy for violations of Title II of the ADA.  42 U.S.C. § 12133; 28 C.F.R. pt. 35, subpt. F.

---

[1] On July 1, 2023, the Utah Department of Health and Human Services took over responsibility for health care services for incarcerated persons at UDOC.  They are named in this complaint only with respect to events occurring after the date that they assumed this responsibility.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

7.      Plaintiff is the United States of America.

8.      Defendant is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA and its implementing regulation.

## FACTS

**A.     Gender Dysphoria**

9.      Gender dysphoria is a serious medical condition experienced by some transgender individuals and is a diagnostic category in the Diagnostic and Statistical Manual of Mental Disorders (DSM).  The current version of the DSM is the DSM-5-TR[2].

10.     Gender dysphoria is "clinically significant distress or impairment in social, occupational, or other important areas of functioning" resulting from the incongruence between gender identity and assigned sex.  DSM-5-TR at 512-13.

11.     Management of gender dysphoria often requires medical care and living consistently with one's gender identity.

12.     Left untreated, individuals with gender dysphoria can experience significant adverse health outcomes, including increased risk for suicide and surgical self-mutilation.  World

---

[2] Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 511 (5th ed. Text rev. 2022) (DSM-5-TR). The DSM-5-TR is available online at https://perma.cc/U4KQ-HA98.

Pro. Ass'n for Transgender Health, *Standards of Care for the Health of Transgender and Gender Diverse People*, Version 8, at S106 (Sept 15, 2022) (WPATH Standards).

**B.      Complainant**

13.     Complainant is a transgender woman who has been incarcerated at UDOC since July 2021.

14.     Complainant has gender dysphoria.

15.     Complainant is an individual with a disability within the meaning of 42 U.S.C. § 12102 because her gender dysphoria is a physical or mental impairment that substantially limits one or more of her major life activities.  28 C.F.R. § 35.108(b)(2).

16.     Complainant's gender dysphoria causes her significant psychological distress that substantially affects her emotional regulation and her ability to care for herself and interact with others.

17.     As an incarcerated individual at UDOC, Complainant is qualified to participate in and receive the benefits of UDOC services, programs, and activities.

**C.      UDOC's Discriminatory Treatment of Complainant**

18.     Correctional facilities, including those operated by UDOC, exert control over most parts of an incarcerated person's life, including their access to health care and many aspects of their ability to live consistently with their gender identity.

19.     Defendant provides health care services to incarcerated persons in its custody. UDOC's general policy is to "prescribe the appropriate treatment and/or therapy," and to document denial of health care in the health record and provide "sufficient medical rationale to

4

ensure medical findings are adequate to support the denied request." UDOC Procedure IC01.04(F)(2), (J)(2).

20. UDOC has a separate policy defining the process for an incarcerated individual to seek medical evaluation and treatment services for gender dysphoria, UDOC Policy AG37.

21. UDOC's gender dysphoria policy provides that an incarcerated individual who self-identifies as transgender may request an evaluation by UDOC mental health staff who will present their findings to a separate gender dysphoria committee.

22. The gender dysphoria committee decides whether or not to refer an individual to a contract psychologist for diagnostic evaluation. If the committee declines to make the referral, the individual must wait one year before requesting to be reevaluated.

23. The gender dysphoria committee includes both medical and non-medical staff—even though its only function is to handle requests for medical evaluation and treatment of gender dysphoria.

24. UDOC does not require a multistep process for incarcerated individuals to seek medical evaluation or treatment for conditions other than gender dysphoria nor does it require those individuals to endure lengthy waiting periods before resubmitting requests for care if they are initially denied.

25. UDOC medical records from September 2021, shortly after Complainant entered custody, identify her as having "gender identity disorder issues" and note that she is seeking treatment including hormone therapy.

26. Complainant made multiple requests to UDOC staff for treatment for gender dysphoria, including multiple requests for hormone therapy.

27. In June 2022, nine months after Complainant first requested hormone therapy, UDOC provided Complainant with a diagnostic evaluation for gender dysphoria by a contract psychologist.

28. UDOC's contract psychologist diagnosed Complainant with gender dysphoria and found that Complainant met criteria to receive treatment with hormone therapy.

29. After her evaluation, Complainant continued to request hormone therapy.

30. UDOC did not provide hormone therapy to Complainant until January 2023, seventeen months after she initially requested that treatment and more than six months after she was diagnosed with gender dysphoria by UDOC's contract psychologist.

31. When UDOC started the Complainant on hormone therapy it did not do so safely or effectively.

32. Complainant's access to care for her gender dysphoria was contingent on a biased and unnecessarily prolonged approval process.

33. In addition to seeking medical treatment, Complainant sought reasonable modifications to some of UDOC's policies and practices to alleviate her gender dysphoria symptoms.

34. Complainant needed reasonable modifications because several of UDOC's policies and programs prevented her from living consistently with her gender identity.

35. Among other requests, Complainant sought reasonable modifications including to be permitted to purchase female clothing and personal items in the commissary, to modify pat search policies, and to individually assess her housing requests to avoid discrimination on the basis of gender dysphoria.

36. Complainant also requested reasonable modifications to participate in and complete UDOC programming.

37. Complainant completed several detailed ADA request forms in support of her requests for reasonable modifications and made requests directly to staff, including health care staff.

38. UDOC denied virtually all of Complainant's ADA requests.

39. Complainant also filed grievances and grievance appeals related to her requests, but UDOC rejected virtually all of these as well.

40. UDOC's discrimination, including its failure to provide Complainant with timely medical treatment for her disability and necessary reasonable modifications, caused Complainant significant harm.

41. Complainant's gender dysphoria worsened during her incarceration at UDOC.

42. In May 2023, Complainant performed dangerous self-surgery and removed her own testicles, resulting in hospitalization and additional surgery.

## CAUSE OF ACTION
### Violation of Title II of the Americans with Disabilities Act
### (42 U.S.C. §§ 12131-12134)

43. The foregoing paragraphs are incorporated herein.

44. UDOC has violated Title II of the ADA, 42 U.S.C. §§ 12131-34, and its implementing regulation, 28 C.F.R. pt. 35, by discriminating based on disability, including by:

   a) Denying an individual with a disability an equal opportunity to participate in or benefit from UDOC's services, programs, or activities, in violation of 28 C.F.R. § 35.130(a), (b)(1).

      b)      Imposing unnecessary eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities, from fully and equally enjoying any service, program, or activity. 28 C.F.R. § 35.130(b)(8). More specifically, UDOC has imposed eligibility criteria on incarcerated individuals seeking health care for gender dysphoria that are not placed on incarcerated individuals seeking health care for other conditions.

      c)      Failing to make reasonable modifications to its policies, practices, or procedures to avoid discriminating against Complainant on the basis of disability. 28 C.F.R. § 35.130(b)(7).

### PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

A.    Grant judgment for the United States and declare that Defendant has violated Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. pt. 35.

B.    Enjoin Defendant and its agencies, agents, employees, instrumentalities, successors, contractors, and all persons in active concert or participation with it from discriminating against the Complainant and other individuals with gender dysphoria.

C.    Order Defendant to adopt or revise policies to ensure that individuals with gender dysphoria who are incarcerated at UDOC are afforded an equal opportunity to participate in and benefit from its services, programs, and activities, including health care services.

D.    Order Defendant to provide nondiscriminatory health care services to Complainant for her gender dysphoria.

E.   Order Defendant to reasonably modify its policies, practices, and procedures for Complainant and others with gender dysphoria when necessary to avoid discrimination on the basis of disability and ensure that they have equal access to UDOC's services, programs, and activities.

F.   Order Defendant to train and educate all UDOC staff who interact with incarcerated individuals on gender dysphoria and the nondiscrimination requirements of Title II of the ADA.

G.   Order Defendant to designate one or more employees to coordinate UDOC's overall efforts to comply with Title II of the ADA, and employees at each UDOC facility to coordinate that facility's ADA compliance efforts regarding incarcerated individuals with gender dysphoria.

H.   Award compensatory damages to the Complainant and other aggrieved individuals for injuries caused by the ADA violations alleged in this Complaint.

I.   Order such other appropriate relief as the interests of justice may require.

Respectfully submitted this 2nd day of April, 2024.

| | |
|---|---|
| TRINA A. HIGGINS<br>United States Attorney<br>District of Utah | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| | REBECCA B. BOND, Chief<br>AMANDA MAISELS, Deputy Chief |
| */s/ Amanda A. Berndt*<br>AMANDA A. BERNDT<br>Assistant United States Attorney | */s/ Alyse Bass*<br>ALYSE BASS, Trial Attorney<br>JANE E. ANDERSEN, Trial Attorney<br>Disability Rights Section |
| | *Counsel for the United States of America* |